## Case No. 6,614.

### HOLLINGSWORTH v. DUANE.

[Wall. Sr. 46.] [1]

Circuit Court, D. Pennsylvania. May 18, 1801.

ABSENCE OF MATERIAL WITNESS — MOTION FOR A POSTPONEMENT.

The defendant swearing at the moment of trial, that he had heard of one who could be a material witness for him, is no ground for postponing the trial, though he swears positively by a supplemental affidavit, but without any new information, that the witness is material.

[This was an action on the case for a libel on the plaintiff in the Aurora, a newspaper published by William Duane.]

The above cause being called for trial, Dallas, of counsel with Duane, moved to put it off, on the affidavit of the defendant, which stated that he had been informed, that one Hercules Mulligan, of the city of New York, was a material witness for him on the issue joined, and that he did not become acquainted with the fact before Saturday evening.

Before TILGHMAN, Chief Judge, and BASSETT and GRIFFITH, Circuit Judges.

GRIFFITH, Circuit Judge. Mr. Dallas, (without any opinion about the materiality of the witness, or the previous diligence, or its propriety in other respects,) do you mean upon the ground of bare information to your client, to insist on putting off the trial? The witness is not sworn to be material, by the defendant; he says he has heard so; he does not tell us from whom, or upon what authority he founds this belief. Were the other objections removed, it is impossible that the court can act upon a hearsay of this kind. If you can amend your affidavit as to the fact of materiality, I shall consent to it; and we will then consider the merits of your application.

The defendant immediately made another affidavit, in which, without setting forth the reasons or particulars of his knowledge, he expressly swore that "Mulligan was a material witness for him in the cause."

Cooper & Dallas pressed for a continuance. They stated that the issue was very material to the defendant, namely, whether a citizen of the United State, or an alien: that to prove himself a citizen, he found it necessary to establish his birth in the colony of New York, a period 40 years past, his parents deceased, in a country unsettled at the time, and himself an absentee from the place of his birth, since his infancy: that Mulligan was now sworn to be material, and of which the defendant from the information he had received, entertained no doubt. In a case of this kind, the point of diligence could not be insisted on. Duane had in fact been to New York himself to inquire after evidence, but knew nothing of Mulligan. It was in the nature of a new discovery of evidence, which even after a trial might be made the foundation of a new trial; and a fortiori, to put it off.

E. Tilghman and Mr. Ingersoll contended

that the application was unprecedented, and that not a single requisite appeared in the case, to authorize a postponement. Rex v. D'Eon, 3 Burrows, 1513.

CURIA (GRIFFITH, Circuit Judge). This is a motion to postpone the cause for the absence of a material witness; and on the case made out, I am very clear, that, by law, we cannot grant it. There is no proof of Mulligan's materiality. The supplemental affidavit is, to be sure, positive; but the court must take in view the original deposition, by which it appears the defendant founds his knowledge on the mere hearsay of somebody, who the day before told him that Mulligan, who is in New York, could be a witness for him. It is evident that the defendant had no new information between the first and second affidavit; it has all been done in the face of the court, in a few minutes. Can it then be seriously urged, that a cause is to be put off on the affidavit of a party swearing at the moment of trial, that he has heard of material evidence? No trial could ever be had, if this were admissible; it would always be at the will of the party to put it off; for who might not receive information of material evidence? It is said the nature of the issue and the circumstances of the defendant make this a peculiar case, and not to be governed by the ordinary rules. I see no peculiarity. It is a mere question of citizenship, and the defendant conceives it important to prove his birth place. Is that a fact of so very particular a complexion? The action was brought to April, 1800, and issue joined in September of the same year. Has not the defendant had time enough to ascertain the fact since then, if there be any truth in it? No accident, no surprise, no difficulty insurmountable by ordinary diligence, is laid before the court, to furnish a ground for postponing the cause for this witness. Why was he not found out? It is barely said, "We did not hear of him before." What cause would ever come to trial, if this were a reason for putting it off, and given just at the moment when called on? In ejectments, and other cases, which should depend on ancient witnesses, on reputation, and other traditionary proofs, it might happen nineteen times in twenty; that a party would make some new discoveries, as they are called, at the eve of the trial; and that toties quoties. This notion of new discovery, as a ground for putting off a trial, is quite new to me. In very particular cases of surprise, loss or oversight, and where the new discovery is of evidence which of itself goes to destroy or support the action, and is fully set out and disclosed to the court, it is sometimes made a ground for a new trial; but a new discovery of additional or circumstantial evidence, after a trial on the merits, has not, within my reading, ever been made a ground for a second trial. If it were so, trials might be had without end. But as furnishing a reason for postponing a cause, I know of no case, where

a discovery of even material evidence just before the trial, has been held sufficient. If, then, this evidence appeared to us to be material, (as it does not,) yet as no subpoena was taken out, and no particular diligence to obtain Mulligan's testimony, I should be of opinion that the cause must proceed; the mere allegation that the defendant did not know of the witness before, notwithstanding. There might possibly be a case so peculiarly circumstanced, and those circumstances made out to the court in such a manner, as would induce it to postpone a cause, on the ground of a sudden discovery of a witness, or other material evidence. But the discovery here does not appear to be material; nor does it appear that this witness might not have been had with due diligence. If the testimony be of such a nature as will authorize a new trial, in case of a verdict against the defendant, he will have an opportunity to insist on the effect of the new discovery, in that way. But as the case now stands, neither materiality, nor diligence, nor any judicial precedent, that I know of, would authorize our allowance of the motion.

BASSETT, Circuit Judge. Within my experience, I have known much more injustice from the delay of trials, on what were called legal grounds for putting them off, than from precipitation and urgency in ordering them on. I am willing, however, to go as far as justice and precedent will authorize on these questions. But here, what reasonable ground is laid before us? Not a single requisite of the law, in the case. 1st. No diligence is pretended; no attempt to procure this testimony. But the defendant says he did not know of it! and why? He does not tell us what pains and measures he took, or why he missed Mulligan in his researches. 2nd. Again; it does not appear to us, that Mulligan is material. The defendant swears in his first affidavit, "That he heard on Saturday, that Mulligan could prove the place of his birth:" but his hearing so is no proof to the court, that the fact is so. Then as to his supplemental affidavit: that can go no higher than its source; it is but a part of the former. He indeed swears that Mulligan is material; but we know, because all this was done before our eyes, that he has got no new information: he swears positively upon the hearsay which is contained in the first affidavit. It is but one affidavit, and only amounts in evidence to us, that he has heard one Mulligan is material, and therefore he swears that he is so! This is not proving his materiality. 3d. But further, he does not even swear that he expects Mulligan's evidence at another time. However, it is unnecessary to add reasons; there can be no pretence for postponing the trial.

TILGHMAN, Chief Judge. It is extremely clear that the motion should be rejected. The supplemental affidavit was an indulgence; it is not a safe practice. But what do they prove? Why, no more than that the defendant has heard, and therefore is induced positively to swear, that Mulligan is a material witness, and that he did not know this until Saturday evening. To put off a cause, we must have the fact which is made the ground of it, properly proved. From these affidavits, we cannot say that Mulligan is material. The defendant's first and second affidavit must be taken together. They are both made before us on the table, and it is not pretended that he founds his knowledge of the testimony upon any other information than the hearsay stated in the first affidavit. Indeed, the supplemental affidavit, to say no more of it, seems a very extraordinary deduction from the premises contained in the first: but that is for the defendant's consideration. There is, then, no proof of materiality: there is none either of any diligence. On the whole there is not the least pretence for this motion: the trial must proceed.[2]

---

[2] See the trial [Case No. 6,615], by which it will appear that the testimony of this witness, if such witness there was, would have been immaterial; as the fact he was to prove, even admitting it to be so, did not, under the circumstances of the case, avail to make the defendant a citizen of the United States.

